**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for 74 Grand St. Equities, LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                   Chapter 11

74 GRAND ST. EQUITIES, LLC

                                   Case No.: 17-13295 (SCC)

                  Debtor.
-------------------------------------------------------------x

## LOCAL BANKRUPTCY RULE 1007-2 DECLARATION

Paul McDonnell declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am the managing member of 74 Grand St. Holdings LLC, which is a sole member of 74 Grand St. Equities, LLC, a Delaware limited liability company (the "Debtor"). I submit this declaration pursuant to Rule 1007-2 of the Local Rules of this Court.

2. An involuntary Chapter 11 petition was filed against the Debtor with the Clerk of this Court on or about November 20, 2017. By order dated December 19, 2017, this Court entered an order for relief under Chapter 11 and the Debtor is continuing in possession of its assets as a debtor-in possession pursuant to the applicable provisions of the Bankruptcy Code.

3. There is no other or prior bankruptcy case filed by or against the Debtor.

4. There has been no committee of creditors organized prior to the order for relief in this Chapter 11 case.

5. The Debtor owns real property which is a development site located at 74 Grand Street in the SoHo historic district in Manhattan (the "Property"). The Debtor acquired the Property on or about March 3, 2016, in part with an acquisition loan from Churchill Credit Holding LLC ("Churchill"). Churchill agreed to lend the Debtor the total sum of $17,500,000 comprised of (i) an acquisition loan in the amount of $9,000,000, (ii) a building loan in the amount of $6,000,000, and (iii) a project loan in the amount of $2,500,000.

6. The Debtor hired Palm Construction, Inc. ("Palm") as a general contractor to construct a six story boutique luxury condominium plus a ground floor retail unit. The total gross buildable area is approximately 15,000 square feet of which approximately 13,000 square feet is above grade. The Property is located within the SoHo Cast Iron Historic Landmark District. This area is considered one of the most desirable neighborhoods in Manhattan with a high concentration of luxury loft apartments as well as a popular retail district.

7. The Debtor experienced difficulties with Palm related to excavation as granite was discovered on the site which had to be excavated causing unforeseen delays. In addition, the Debtor also entered into an agreement with an entity known as Mountbrook USA LLC ("Mountbrook"), which is an entity owned and/or controlled by the Dunne family who sold the Property to the Debtor. This agreement provided Mountbrook would act as a project manager/owner's rep and supervise the construction. The agreement further provided for a sharing of profits on the project. Disputes between Palm, Mountbrook and the Debtor caused delays in the project and Churchill ceased funding. Additionally, the Dunne family (which controls Mountbrook) has asserted that due to the inability to complete the project they retained some equitable ownership interest in the Property notwithstanding the fact the sale closed in March 2016 and a deed was recorded and the Churchill mortgages placed on the Property.

8. The Debtor intends to utilize the chapter 11 process to resolve any and all disputes between the Debtor and the Dunne family (Mountbrook) as well as to inject additional capital

{Client/084384/1/01465176.DOC;1 }    2

necessary to complete the construction. I have had discussions with representatives of Churchill and I am optimistic that a consensual agreement can be reached as part of a plan of reorganization.

9. Pursuant to rule 1007-2(a)(4) of the Local Bankruptcy Rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors, excluding insiders.

10. Pursuant to Rule 1007-2(a)(5) of the Local Bankruptcy Rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured creditors.

11. Pursuant to Rule 1007-2(a)(6) of the Local Bankruptcy Rules annexed hereto as **Exhibit "3"** is an internal estimate of the Debtor's assets and liabilities.

12. The Debtor is a limited liability company. The Debtor has no publicly held securities.

13. The Debtor's office is located c/o Richard B. Feldman, 551 Fifth Avenue, 24th Floor, New York, NY 10176. This is the law firm that handled the closing and the formation of the various corporate documents related to the acquisition of the Property.

14. The Debtor's substantial assets consist of the Property. The Debtor's books and records are maintained on my computer. In addition, substantial financial information regarding the Debtor is located with Palm who maintains an office at 322 Bleecker St., New York, NY 10014.

15. To the best of my knowledge, the Debtor is not a party to any litigation.

16. I as well as Palm handled the Debtor's day-to-day affairs. The Debtor has no employees. The Debtor has no payroll.

17. The Debtor does not propose to make any payments to the Debtor's officers, stockholders and directors for the 30 day period following the filing of the Chapter 11 petition.

18. The Debtor does not anticipate collecting and/or disbursing any funds in the thirty (30) day period following the commencement of the Chapter 11 case.

19. The Debtor intends to operate and manage its business and property pursuant to the provisions of Chapter 11 of Title 11 of the United States Code pending confirmation of a plan of reorganization.

20. The Debtor verily believes that under the aegis of the Bankruptcy Court, it will be able to restructure its business for the benefit of all constituents.

/s/ Paul McDonnell
Paul McDonnell